UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO.:

SULLY'S TEES, LLC, )
)
        Plaintiff, )
)
v. )
)
NUMBER ONE SOURCE, INC. )
and BRUCE JENNINGS, )
)
        Defendants. )

## VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF WITH JURY DEMAND

Plaintiff, Sully's Tees, LLC files this complaint and demand for injunctive relief and damages against Defendant Number One Source, Inc., and Defendant Bruce Jennings for engaging in unfair methods of competition by utilizing the mark GREEN MONSTAH without permission of the license holder.

## PARTIES

1. Plaintiff is Sully's Tees, LLC ("Sully's Tees") a duly authorized and existing Massachusetts Limited Liability Corporation having a usual place of business at Peabody, Essex County, Massachusetts.

2. Defendant is Number One Source, Inc., ("Number One") a Massachusetts corporation having a usual place of business at Needham, Norfolk County, Massachusetts.

3. Defendant Bruce Jennings ("Jennings") is an individual having a usual place of business at Needham, Norfolk County, Massachusetts.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter pursuant to § 39 of the Trademark Act of 1946, 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338, as this matter involves a federal question arising under an act of Congress relating to unfair competition.

5. Venue is proper in this judicial district as all parties are present in this judicial district.

## STATEMENT OF FACTS

6. Sully's Tees is in the business of creating and selling apparel and lifestyle products. Sully's Tees is the licensee of a trademark granted under M.G.L. c. 110B, § 2 granted on January 2, 2006 to Liberated Images, Inc.

7. Liberated Images, Inc., is a duly organized and existing Massachusetts corporation having a usual place of business at Peabody, Essex County, Massachusetts.

8. Liberated Images, Inc., is the owner of Massachusetts Trademark No. 66676 for the mark known and stylized as GREEN MONSTAH ("Mark"). A copy is attached as EXHIBIT C.

9. The Mark has obtained a secondary meaning an is associated with Sully's Tees.

10. Liberated Images, Inc., has granted to Sully's Tees exclusive rights to use the Mark in connection with all forms of commerce.

11. The registration for this Mark is in full force and effect, unrevoked and uncanceled.

12. The registration for the Mark is *prima fascia* evidence of the validity and substance of the mark, as well as Sully's Tees exclusive right to use the Mark in commerce without

restriction and limitation.

13. Sully's Tees has developed a successful sales history using the Mark by selling T-Shirts and other apparel in interstate commerce.

14. As a result of extensive advertising expenditures and other activities, the Mark is well known and favorably known to the purchasing public as a distinctive indicator of the goods and services offered by Sully's Tees.

15. Despite Sully's Tees established rights in the Mark, Number One and Jennings are using the Mark in connection with the sale of goods and services substantially identical to those offered by Sully's Tees.

16. Both Number One and Jennings specifically have used and are using the Mark in connection with the sale of t-shirts and possibly other products in such a manner as to create a likelihood of confusion among perspective purchasers, thereby inducing purchasers and others to believe, contrary to fact, that the goods and services offered by Number One and Jennings are rendered, sponsored or otherwise approved by or connected with Sully's Tees.

17. Number One and Jennings had actual knowledge of Sully's Tees' rights in the Mark during the time that they have conducted their infringing activities.

18. On or about May 25, 2007, Sully's Tees delivered, through its then attorney, a cease and desist letter in regarding the unlawful actions of Number One and Jennings.

19. On June 5, 2007, Chris Wrenn, manager of Sully's Tees met with Bruce Jennings of Number One, and as a result of that meeting both Bruce Jennings and Number One agreed not to use the Mark.

20. On June 5, 2007, defendant Bruce Jennings sent to Chris Wrenn a e-mail representing that he/it would no longer use the mark. A copy of that email is attached herewith as EXHIBIT A.

21. Despite agreeing not to use the Mark, Number One and Jennings continue to use the Mark or another mark so substantially similar to cause confusion in the marketplace.

22. Both Number One and Jennings have created marks similar to the Mark so as to be "palming off" by inducing customers to believe that Number One's and Jennings' marks are actually those of Sully's Tees.

23. On September 19, 2007, Chris Wrenn purchased a green t-shirt with the mark at a retail store called The Sports Collection at the Northshore Mall in Peabody, Massachusetts. A copy of the item T-Shirt and the sales receipt fo the T-Shirt are both attached herewith as EXHIBIT B

24. The Sports Collection purchases t-shirts for resale from Sully's Tees and on information and belief, from Number One and Jennings as well.

25. At all times material hereto, Number One's and Jennings' use of the mark in the manner alleged constitutes infringement within the meaning of 15 U.S.C. § 1114(1).

26. At all times material hereto Number One and Jennings had actual knowledge of Sully's Tees rights in the Mark,

27. Number One's and Jennings' acts of infringement have caused irreparable injury, loss of reputation and damages to Sully's Tees. Unless enjoined by this Court, Number One and Jennings will continue their acts of infringement to Sully's Tees' detriment and cause irreparable damage.

## COUNT I
### Unfair competition under the statutory law of the United States against all defendants.

28. Plaintiff restates paragraphs 1 through 27 as if specifically set forth herein again.

29. The Mark was first used by Sully's Tees as early as January 2, 2006.

30. The defendants uses of the Mark post dates the use of plaintiff's use of the Mark.

31. The defendants uses of the Mark are in violation of 15 U.S.C. § 1125(a).

32. The defendants are causing damages to Sully's Tees.

## COUNT II

### Trademark Infringement Under MASS. GEN. L. c. 110H

33. Plaintiff restates paragraphs 1 through 32 as if specifically set forth herein again

34. The Mark was first used by Sully's Tees as early as January 2, 2006.

35. The defendants uses of the Mark post dates the use of plaintiff's use of the Mark.

36. The defendants uses of the Mark are in violation of MASS. GEN. L. c. 110H.

37. Under this statute Sully's Tees may obtain an injunction without proving secondary meaning or confusion in the marketplace.

38. The defendants are causing damages to Sully's Tees.

## COUNT III

### Unfair competition under the Common Law

29. Plaintiff restates paragraphs 1 through 38 as if specifically set forth herein again.

39. The Mark was first used by Sully's Tees as early as January 2, 2006.

5

40. The defendants uses of the Mark post dates the use of plaintiff's use of the Mark.

41. The defendants uses of the Mark are in violation of the plaintiff's rights and constitutes common law trademark infringement.

42. The defendants are causing to Sully's Tees.

## COUNT IV

### Breach of Contract

43. Plaintiff restates paragraphs 1 through 42 as if specifically set forth herein again

44. Defendants agreed not to use the Mark by written promise dated June 5, 2007.

45. Defendants breached their agreement not to use the Mark.

46. Defendants have are causing damages to Sully's Tees.

## COUNT V

### Unfair and Deceptive Acts and Practices Under G.L. c. 93A

47. Plaintiff restates paragraphs 1 through 46 as if specifically set forth herein again

48. At all times material hereto, Sully's Tees, Number One and Jennings have been engaged in trade or commerce within the Commonwealth of Massachusetts under the definitions of MASS. GEN. L. 93A.

49. The defendants willfully utilized, without permission, the Mark to which defendants did not have permission to use.

50. The defendants not only used the Mark without permission but used another mark that is substantially similar to the Mark and was an obvious attempt to palm off the Mark.

51. The actions of the defendants were performed willfully and knowingly.

52. Despite demand by Sully's Tees, neither defendant has agreed to pay Sully's Tees for the use of the Mark.

53. As a result of the above described unfair or deceptive acts and/or practices of the defendants, plaintiff has sustained injuries including, but not limited to, loss of payment, loss of use of the Mark and plaintiff has incurred fees paid to professionals.

54. As a result of the willful and knowingly deceitful conduct perpetrated by the defendants, plaintiff has suffered damages, and will continue to incur additional fees and expenses in retaining the services of professionals.

WHEREFORE, plaintiff, Sully's Tees, LLC demands judgment against the defendants Number One Source, Inc., and Bruce Jennings, jointly and severally, as follows:

1. In an amount of damages which a jury or this Court shall determine to be necessary and proper to compensate the Plaintiff for its losses, under either federal or Commonwealth laws or both.

2. In an amount of damages which the Court shall determine to be necessary and proper to compensate the Plaintiff for its losses, and to the extent permitted by law, double damages or treble damages and attorneys fees' for the defendants' knowing and willful violation of MASS. GEN. L. c. 93A and/or MASS. GEN. L. c. 110H § 13.

3. Pre-judgment and post-judgment interest and costs, and reasonable attorneys' fees.

4. Pursuant to MASS. GEN. L. c. 110H § 13, 15 U.S.C. § 1116, Massachusetts common law and/or MASS. GEN. L. c. 93A, the Defendants Number One Source, Inc., and Bruce Jennings and their officers, agents, servants, employees and attorneys, and those persons in active concert

or participating with them who receive actual notice of this order by personal service or otherwise be preliminarily enjoined, and after a trial on the merits, permanently enjoined from engaging in the following acts in the United States or in foreign commerce:

 a. Using the Mark in the advertising or sale of apparel;

 b. Using in any manner any service mark, trademark, trade name, trade dress, words, numbers, abbreviations, designs, colors, arrangements, collocations or any combination thereof which would imitate, resemble or suggest the Marks;

 c. Otherwise infringing the Mark;

 d. Unfairly competing with plaintiff, diluting the distinctiveness of plaintiff's well known Mark and otherwise injuring plaintiff's business reputation in any manner;

 e. Publishing any listings using the Mark and any other name containing words confusingly similar with the Mark.

5. all other relief that the Court deems meet and proper.

PLAINTIFF CLAIMS TRIAL BY JURY IN ALL ISSUES TRIABLE BY JURY.

SULLY'S TEES LLC
By its attorneys,

_____
Jonathan M. Feigenbaum, Esq.
B.B.O. #546686
Phillips & Angley
One Bowdoin Square
Boston, MA 02114
Tel. No. (617) 367-8787

## **VERIFICATION**

I, Chris Wrenn, Manager of Sully's Tees LLC, being of lawful age, and pursuant to 28 U.S.C., section 1746, I, verify under the penalty of perjury under the Laws of the United States that the foregoing is true and correct, except where stated on information or belief.

DATED: 12-2-08

_____
CHRIS WRENN, MANAGER


L:\LITG\Stee001\Pleadings.Mot.Memos\complaint revised 11.25.08.wpd